OPINION

FACTUAL BACKGROUND

William T. McClammy executed a will on February 7, 1985 which contained the following:
“I give, devise and bequeath ail property of every kind and character and wherever located, owned by me or in which I have any interest at the time of my death, to my wife, GENEVIEVE A. MeCLAMMY, for and during her natural life, and upon her death, I give, devise and bequeath the same unto my sons, JOHN TODD MeCLAMMY and WILL JAMES MeCLAMMY, in equal proportions, share and share alike.”
The facts in this case indicate that William T. McClammy deceased on November 8, 1988. His wife was appointed as administrator of his estate and no further probate proceedings were held.
On or about May 1, 1991, Genevieve McClammy entered into a contract with Russell Kirn for the sale of a quonset building that was on land that had been originally leased by William T. McClammy. The agreed sale price was $3,500 of which $1,900 was paid at the time of the sale. The Appellant John Todd McClammy, among others was present at the time of the sale and he agreed with the sale.
Genevieve McClammy died on August 9, 1991. On September 10, 1991 Russell Kirn paid the balance of $1,600 to Carol Gilham, personal representative of Genevieve’s estate. Carol Gilham in turn used the money to pay outstanding debts of Genevieve McClammy and to purchase headstones for both William and Genevieve McClammy. On June 29, 1992 John Todd McClammy brought action against Russell Kirn and Carol Gilham requesting the Tribal Court to void the transaction between Genevieve McClammy and Russell Kirn. Judge Robert Welch dismissed the complaint against Russell Kirn with prejudice on October 29,1992.
An appeal was filed. On October 13, 1993, it was remanded to the lower court for determination of two issues namely:
1. Whether Genevieve McClammy was seized with the full ownership right to sell the building without the ratification of the plaintiff remainder-men?
2. Whether Genevieve McClammy sold the quonset as personal representative of the estate of William T. McClammy or sold the quonset for her sole and separate property for her own benefit?
On April 2, 1996 the honorable Leland Spottedbird issued an order containing the following conclusions:
*142 1. That the 'plaintiff remaindermen were aware of the transaction at the time and had no objection to the sale of the building.
2. That Genevieve McClammy sold the quonset building as her sole and separate property to continue her moderate life style.
Judge Spottedbird then dismissed the complaint against Russell Kirn. As a result an appeal was filed on July 11, 1996 in this court.

RULE OF LAW

 It is well cited in the Appellee’s brief that “... the general principle is that the intention of a testator is to be collected from the entire will, rather than from any particular clause, sentence, or form of words.” When applying the facts of; this case to the prevailing law it is clearly seen that William T. McClammy “intended” to have all his debts paid and to provide i for Genevieve McClammy during her lifetime.
Additionally it is noted that the remain-dermen here had knowledge of and did not object to the sale of the quonset.
Considering the fact that the quonset is not considered real property and remainder interest does not attach, it is the finding of this court that Genevieve McClam-my had the authority to sell the quonset to Russell Kirn prior to her death.
Now therefore it is the order of this court that the lower court decision is affirmed in all respects.